Nicholas D. Kovarik, WSBA #35462
Email: nick@pyklawyers.com
PISKEL YAHNE KOVARIK, PLLC
522 W. Riverside Ave., Suite 700
Spokane, Washington 99201
509-321-5930 – Telephone
509-321-5935 – Facsimile

Attorney for Plaintiffs Shawn Slover, et al.

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| SHAWN SLOVER, Individually and For Others Similarly Situated.<br><br>       Plaintiffs,<br>   v.<br><br>HPM CORPORATION.<br><br><br>       Defendant. | Case No.:<br>    4:18-CV-5180<br><br>**CLASS AND COLLECTIVE ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Shawn Slover ("Slover") is informed and believes, and on that basis alleges, as follows:

**SUMMARY**

1.      HPM Corporation (HPMC) failed to pay Slover, and other workers like him, overtime as required by the Fair Labor Standards Act (FLSA) and the Revised Code of Washington, Chapter 49.46 *et seq.* (RCW), Washington's Minimum Wage Act (WMWA), and any relevant

CLASS AND COLLECTIVE ACTION
COMPLAINT - 1

regulations and/or rules adopted by the Washington Director of Labor and Industries (collectively, "Washington Wage Laws").

2. Instead, HPMC pays Slover, and other workers like him, the same hourly rate for all hours worked, including those in excess of 40 in a workweek.

3. HPMC further failed to pay Slover, and other workers like him, for all rest breaks, meal breaks in violation of Washington Wage Laws.

4. Slover brings this collective and class action to recover unpaid overtime and other damages.

## JURISDICTION AND VENUE

5. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

6. The Court has federal jurisdiction over this action pursuant to the jurisdictional provisions of the Class Action Fairness Act, 28 U.S.C. § 1332(d). The Court also has supplemental jurisdiction over any state law sub-class pursuant to 28 U.S.C. § 1367.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 a significant portion of the facts giving rise to this lawsuit occurred in this District.

8. Slover is a resident of this District and Division

CLASS AND COLLECTIVE ACTION
COMPLAINT - 2

Piskel Yahne Kovarik, PLLC
522 W. Riverside Avenue Ste. 700
Spokane, Wa 99201
P 509.321.5930 / F 509.321.5935

## THE PARTIES

9. Slover is an hourly employee of HPMC. His written consent is attached as Exhibit A.

10. Slover seeks conditional and final certification of this FLSA collective action under 29 U.S.C. § 216(b).

11. The class of similarly situated employees sought to be certified as a collective action under the FLSA is defined as:

> **All hourly employees of HPM Corporation who were, at any point in the past 3 years, paid "straight time for overtime." (the "FLSA Class").**

12. Slover also seeks certification of a class under Fed. R. Civ. P. 23 to remedy HPM's violations of the Washington Wage Laws.

13. The class of similarly situated employees sought to be certified as a class action for the purposes of pursuing their Washington Wage Laws claims is defined as:

> **All hourly employees of HPM Corporation who worked in Washington who were, at any point in the past 3 years, paid "straight time for overtime" (the "Washington Class").**

14. Collectively, the FLSA Class Members and Washington Class Members are referred to as "Class Members."

15. HPMC provides occupational medicine, occupational safety and health, and project management services to federal government clients and their contractors.

16. HPMC is a Washington corporation. HPMC may be served with process by serving its registered agent, Hollie Mooers, 4304 W. 24th Ave. Ste. 100, Kennewick, Washington, 99338-2320.

## Coverage Under the FLSA

17. At all times hereinafter mentioned, HPMC was and is an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

18. At all times hereinafter mentioned, HPMC was and is an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

19. At all relevant times, HPMC was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), because HPMC is an engineering firm providing design, consulting, construction and management services throughout this country. Specifically, HPMC was responsible for maintenance of the nuclear waste treatment facility at issue.

CLASS AND COLLECTIVE ACTION
COMPLAINT - 4

Piskel Yahne Kovarik, PLLC
522 W. Riverside Avenue Ste. 700
Spokane, Wa 99201
P 509.321.5930 / F 509.321.5935

20. At all relevant times, HPMC had an annual gross volume of sales made in excess of $5,000,000.00.

21. At all times hereinafter mentioned, Slover and the Putative Class Members (as defined below) were engaged in commerce or in the production of goods for commerce per 29 U.S.C. §§ 206-207.

## THE FACTS

22. HPMC purports to be the benchmark for superior occupational medicine and health across all sectors of business.[1]

23. It provides programs and services in the areas of occupational medicine, environmental safety and health, risk communication, health data analysis and trending, behavioral health services and employee assistance, emergency medical preparedness and response, health education and promotion, and program and project management; and fitness, rehabilitation, and ergonomics.[2]

24. Slover is an hourly employee of HPMC.

25. Slover was hired around August 2016.

26. Slover is currently employed with HPMC.

27. HPMC pays Slover by the hour.

---

[1] *See* https://www.hpmcorporation.com/about (last visited October 26, 2018).

[2] *See* https://www.bloomberg.com/research/stocks/private/snapshot.asp?privcapId=143245813 (last visited October 26, 2018)

CLASS AND COLLECTIVE ACTION
COMPLAINT - 5

Piskel Yahne Kovarik, PLLC
522 W. Riverside Avenue Ste. 700
Spokane, Wa 99201
P 509.321.5930 / F 509.321.5935

28. HPMC pays Slover $46.16 per hour.

29. Slover reports the hours he worked to HPMC on a regular basis.

30. Slover is not guaranteed a salary.

31. If Slover works fewer than 40 hours in a week, he is paid only for the hours he works.

32. For example, in the two-week period ending January 5, 2018, Slover was credited for working 74 hours.

33. For at least one of those weeks, Slover worked less than 40 hours.

34. HPMC paid Slover for 74 hours during that two-week period.

35. But Slover normally worked more than 40 hours in a week.

36. For example, in the two-week period ending on August 4, 2017, Slover worked 102 hours.

37. For those two weeks, HPMC paid Slover for 102 hours at his hourly rate of $46.16 an hour.

38. The hours Slover worked are reflected in HPMC's records.

39. HPMC paid Slover at the same hourly rate for all hours worked, including those in excess of 40 in a workweek.

CLASS AND COLLECTIVE ACTION
COMPLAINT - 6

Piskel Yahne Kovarik, PLLC
522 W. Riverside Avenue Ste. 700
Spokane, Wa 99201
P 509.321.5930 / F 509.321.5935

40. Rather than receiving time and half as required by the FLSA, Slover only received "straight time" pay for overtime hours worked.

41. This "straight time for overtime" payment scheme violates the FLSA.

42. HPMC was aware of the overtime requirements of the FLSA.

43. HPMC nonetheless failed to pay certain hourly employees, such as Slover, overtime.

44. HPMC's failure to pay overtime to these hourly workers was, and is, a willful violation of the FLSA.

## FLSA VIOLATIONS

45. By failing to pay Slover and the FLSA Class Members overtime at one-and-one-half times their regular rates, HPMC violated the FLSA's overtime provisions.

46. HPMC owes Slover and the FLSA Class Members the difference between the rate actually paid and the proper overtime rate.

47. Any differences in job duties do not detract from the fact that these hourly workers are entitled to overtime pay.

48. Because HPMC knew, or showed reckless disregard for whether, its pay practices violated the FLSA, HPMC owes these wages for at least the past three years.

CLASS AND COLLECTIVE ACTION
COMPLAINT - 7



Piskel Yahne Kovarik, PLLC
522 W. Riverside Avenue Ste. 700
Spokane, Wa 99201
P 509.321.5930 / F 509.321.5935

49. HPMC is liable to Slover and the FLSA Class Members an amount equal to all unpaid overtime wages as liquidated damages.

50. Slover and the FLSA Class Members are entitled to recover all reasonable attorneys' fees and costs incurred in this action.

51. The workers impacted by HPMC's "straight time for overtime" scheme should be notified of this action and given the chance to join pursuant to 29 U.S.C. § 216(b).

## WASHINGTON WAGE LAW VIOLATIONS

52. Slover realleges and reincorporates all allegations above as if incorporated herein.

53. The foregoing conduct, as alleged, violate the Washington Wage Laws.

54. At all relevant times, HPMC has been, and continue to be, an "employer" within the meaning of the Washington Wage Laws. At all relevant times, HPMC employed "employee[s]," including Slover and the Washington Class, within the meaning of the Washington Wage Laws.

55. RCW §49.52.070 provides that employers who violate Washington's minimum wage laws under the circumstances present in this case are liable for double the amount of wages improperly withheld.

CLASS AND COLLECTIVE ACTION
COMPLAINT - 8

Piskel Yahne Kovarik, PLLC
522 W. Riverside Avenue Ste. 700
Spokane, Wa 99201
P 509.321.5930 / F 509.321.5935

56. Pursuant to RCW §49.52.080, there exists a presumption of willfulness.

57. The Washington Wage Laws require an employer, such as HPMC to pay overtime compensation to all non-exempt employees. Slover and the Washington Class are not exempt from overtime pay requirements under the Washington Wage Laws.

58. More specifically, the Washington Class members' claims are subject to the three-year statute of limitations applicable to the WMWA and implied contracts, as provided under RCW § 4.16.080(3). *See e.g.*, *Seattle Prof'l Eng'g Employees Ass'n v. Boeing Co.*, 139 Wash. 2d 824, 838, 991 P.2d 1126, 1134, opinion corrected on denial of reconsideration, 1 P.3d 578 (Wash. 2000); *Mitchell v. PEMCO Mut. Ins. Co.*, 134 Wash. App. 723, 737, 142 P.3d 623 (2006).

59. At all relevant times, HPMC had a policy and practice of failing and refusing to pay overtime pay to Slover for his hours worked in excess of forty hours per workweek.

60. HPMC violated Washington Wage Laws including, but not necessarily limited to, RCW, WMWA, by failing to pay the Washington Class on a salary basis.

61. At all relevant times, HPMC did not pay the Washington Class on a salary basis, so the Washington Class was not exempt under Wash. Admin. Code §296-128-510 (executive), Wash. Admin. Code §296-128-520 (administrative), Wash. Admin. Code §296-128-530 (professional), and Wash. Admin. Code §296-128-532 (salary basis and deductions).

62. With regards to the Class Members, HPMC did not comply with Washington Admin. Code §296-126-092(4) which provides: "Employees shall be allowed a rest period of not less than ten minutes, on the employer's time, for each four hours of working time."

63. At all relevant times, HPMC willfully failed and refused, and continues to willfully fail and refuse, to pay Slover and Class Members the amounts owed. Specifically, HPMC claws back all hourly advances not paid for rest/meal break time. This conduct violates Washington Wage Laws as alleged in this cause of action.

64. HPMC has denied Slover and the Washington Class wages and benefits of employment, including contractual vacation pay, as alleged herein. HPMC's deduction of Slover and the Washington Class members vacation pay for wages results in depriving Slover and Washington Class members of their vacation pay, in violation of RCW §49.52.050. HPMC is, therefore, liable to Slover and the Washington Class for all such vacation

CLASS AND COLLECTIVE ACTION
COMPLAINT - 10

Piskel Yahne Kovarik, PLLC
522 W. Riverside Avenue Ste. 700
Spokane, Wa 99201
P 509.321.5930 / F 509.321.5935

pay and other improperly deducted or rebated wages or earnings, and double damages, under RCW §49.52.070.

65. Slover and the Washington Class seek recovery of attorneys' fees, costs, and expenses of this action to be paid by Defendants.

66. Slover and the Washington Class seek damages in the amount of the respective unpaid wages earned and due at the regular hourly wage rate, and at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek; actual damages; penalty damages; and such other legal and equitable relief as the Court deems just and proper.

## CLASS AND COLLECTIVE ACTION ALLEGATIONS

67. HPMC's illegal "straight time for overtime" policy extends beyond Slover.

68. It is the "straight time for overtime" payment plan that violates the FLSA in this collective and class action.

69. HPMC pays hundreds of hourly employees according to the same unlawful scheme.

70. Any differences in job duties do not detract from the fact that these hourly workers were entitled to overtime pay.

71. Slover and the Class Members impacted by HPMC's "straight time for overtime" scheme should be notified of this action and given the chance to join pursuant to 29 U.S.C. § 216(b).

72. HPMC has accurate records of the wages paid to its hourly workers.

73. The Class Members are geographically disbursed, residing, and working in states across the country.

74. Slover's experiences are typical of the experiences of all Class Members.

75. Slover has no interests contrary to, or in conflict with, the members of the Class Members. Like each member of the proposed classes, Slover has an interest in obtaining the unpaid overtime wages owed under state and/or federal law.

76. A class and collective action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

77. Absent this action, many members of the FLSA Class and Washington Class likely will not obtain redress of their injuries and HPMC will retain the proceeds of their violations of the FLSA and Washington Wage Laws.

CLASS AND COLLECTIVE ACTION
COMPLAINT - 12

Piskel Yahne Kovarik, PLLC
522 W. Riverside Avenue Ste. 700
Spokane, Wa 99201
P 509.321.5930 / F 509.321.5935

78. Furthermore, individual litigation would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of individual members of the classes and provide for judicial consistency.

79. The questions of law and facts common to each of the FLSA and Washington Class Members predominate over any questions affecting solely the individual members. Among the common questions of law and fact are:

    a.    Whether HPMC employed the FLSA and Washington Class Members within the meaning of the FLSA and Washington Wage Laws;

    b.    Whether the FLSA and Washington Class Members were exempt from overtime;

    c.    Whether HPMC's decision not to pay overtime to the FLSA and Washington Class Members was made in good faith; and

    d.    Whether HPMC's violation of the FLSA and Washington Wage Laws was willful.

80. Slover's claims are typical of the FLSA and Washington Class Members since both have sustained damages arising out of HPMC's illegal and uniform employment pay policy.

CLASS AND COLLECTIVE ACTION
COMPLAINT - 13



Piskel Yahne Kovarik, PLLC
522 W. Riverside Avenue Ste. 700
Spokane, Wa 99201
P 509.321.5930 / F 509.321.5935

81.    Slover knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a class or collective action.

82.    Although the issue of damages may be somewhat individual in character, there is no detraction from the common nucleus of liability facts. Therefore, this issue does not preclude class or collective action treatment.

83.    Concentrating the litigation in one forum will promote judicial economy and parity among the claims of individual members of the classes and provide for judicial consistency.

## JURY DEMAND

84.    Pursuant to F.R.C.P. 38, Slover demands a trial by jury.

## PRAYER

1.    WHEREFORE, Slover prays for relief as follows:

a.    An order designating this lawsuit as a collective action and authorizing notice pursuant to 29 U.S.C. § 216(b) to the proposed Class Members to permit them to join this action by filing a written notice of consent;

b.    For an Order designating the state law classes as class actions pursuant to Fed. R. Civ. P. 23 under Washington Wage Laws;

c.    Judgment against HPMC awarding Slover and the Class Members all unpaid overtime compensation, liquidated damages, attorneys' fees and costs;

d.    An award of pre- and post-judgment interest on all amounts awarded at the highest rate allowable by law; and

e.    All such other and further relief to which Slover and the Class Members may show themselves to be justly entitled.

Respectfully submitted,

By: */s/ Nicholas D. Kovarik*
    Nicholas D. Kovarik
    WA Bar No. 35462
    nick@pyklawyers.com
    **PISKEL YAHNE KOVARIK, PLLC**
    522 W. Riverside Ave., Suite 700
    Spokane, Washington 99201
    509-321-5930 – Telephone
    509-321-5935 – Facsimile

    Michael A. Josephson
    Texas Bar No. 24014780
    mjosephson@mybackwages.com



Andrew Dunlap
Texas Bar No. 24078444
adunlap@mybackwages.com

Richard M. Schreiber
Texas Bar No. 24056278
**JOSEPHSON DUNLAP, LLP**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
713-352-1100 – Telephone
713-352-3300 – Facsimile

Pro Hac Vice Forthcoming

**AND**

Richard J. (Rex) Burch
Texas Bar No. 24001807
rburch@brucknerburch.com
**BRUCKNER BURCH, PLLC**
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
713-877-8788 – Telephone
713-877-8065 – Facsimile

Pro Hac Vice Forthcoming

**ATTORNEYS FOR PLAINTIFFS**

CLASS AND COLLECTIVE ACTION
COMPLAINT - 16



Piskel Yahne Kovarik, PLLC
522 W. Riverside Avenue Ste. 700
Spokane, Wa  99201
P 509.321.5930 / F 509.321.5935